# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

CHARLES DOTSON, JR.

      Plaintiff,

v

CALVIN UNIVERSITY, READY FOR
LIFE, ABIGAIL SOBCZYNSKI, in her
individual and official capacity as Graduate
Associate and Resident Director and
Coordinator or Ready for Life with Calvin
University, TONI FALK, in her individual
and official capacity as the Program  Director
of the Ready for Life Academy and Instructor
with Calvin University, EMILY PERTON, in
her individual and official capacity as
Executive Director with Ready for Life and
Calvin University, LAUREN HORRAS, in
her individual and official capacity as Calvin
University Title IX Coordinator Director of
Safer Spaces, LUCAS TYRRELL, AMY
TYRRELL, and DAVID TYRRELL,

      Defendants.

Case No.: 1:24-cv-01111-JMB-RSK
District Judge: Jane M. Beckering
Magistrate Judge: Ray Kent

ANNA EVE WRIGHT (P72611)
Atnip & Associates, PLLC
Attorney for Plaintiff
400 Water St., Suite 205
Rochester, MI 48307
(248) 266-3847 Fax: (248) 674-4774
Email: anna@atniplawyers.com

HEIDI A. TANNER (P61953)
Heidi A. Tanner, Atty at Law, PLLC
Of Counsel for Plaintiff
4701 Charing Ct.
Castle Rock, CO 80109
(248) 672-5478
Email: attyheiditanner@gmail.com

MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
CAITLIN E. MALHIOT (P76606)
Zausmer, P.C.
Attorneys for Defendants Ready for Life,
Tony Falk, and Emily Perton
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
Email: mzausmer@zausmer.com
Email: cgetto@zausmer.com
Email: cmalhiot@zausmer.com

SARAH J. BRUTMAN (P66921)
RANDI DAVIS (P77531)
McDonald Baas & Livingston, PLLC
Attorneys for Defendants Tyrrell
2600 West Big Beaver, Suite 105
Troy, MI 48084
Email: sarah.brutman@mblfirm.com
Email: randi.davis@mclfirm.com

DONALD C. BROWNELL (P48848)
Vanderveer Garzia, P.C.
Attorney for Defendants Calvin University,
Abigail Sobczynski, Lauren Horras
840 W. Long Lake Rd., Suite 600
Troy, MI 48098-6340
(248) 312-2800 Fax: (248) 879-0042
Email: dbrownell@vpgclaw.com

### DEFENDANTS READY FOR LIFE, TONI FALK, AND EMILY PERTON'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C)

NOW COME Defendants, Ready for Life, Toni Falk, and Emily Perton, by and through their attorneys, ZAUSMER, P.C., and for their Motion for Judgment on the Pleadings state as follows:

1. This case arises out of allegations of inappropriate sexual contact between Plaintiff Charles Dotson Jr. and Lucas Tyrell while they were roommates in the Ready for Life program at Calvin University.

2. Defendants Ready for Life (RFL), Toni Falk, and Emily Perton move for judgment on the pleadings under Rule 12(c) because no material issue of fact exists regarding Plaintiff's claims against the RLF Defendants as to several counts, and thus these Defendants are entitled to judgment as a matter of law on each of those counts.

3. Plaintiff brings a claim of Intentional Infliction of Emotional Distress (IIED) against Defendants, but this claim is not viable.

4. Plaintiff must allege and factually support the argument that Defendants engaged in conduct that shocks the conscience and is not tolerated in a civilized society.

5. But Plaintiff merely alleges that the RLF Defendants mishandled the aftermath of an alleged sexual assault that Defendants did not witness and for which a dispute arose as to whether the sexual contact was consensual or not.

6.      This factual scenario, as a matter of law, cannot give rise to IIED liability.

7.      Plaintiff brings a claim under Title IX, 20 U.S.C. § 1681, against Defendants, but this claim is not viable because there is no allegation or support for the argument that Plaintiff was discriminated against because of his gender.

8.      Indeed, there is no indication based on the facts and allegations of the case that gender was a factor in the handling of this matter or that anyone of a different gender would have been treated differently.

9.      Plaintiff brings a claim under the Michigan Elliott-Larsen Civil Rights Act, but this claim is also not viable.

10.     Defendants did not have notice of any unwelcome conduct on the basis of sex, and when they were informed they took prompt remedial action and did, in fact, prevent future conduct.

11.     Plaintiff brings a claim of negligent training and supervision pursuant to 42 U.S.C. § 1983 against Defendants, but these claims fail as a matter of law because Plaintiff cannot show that Defendants are state actors, and thus they cannot be subject to § 1983 claims.

12.     Even if Defendants were state actors, this claim would fail because Plaintiff has not alleged any harm as a result of any alleged negligent training or supervision by Defendants.

13.     Plaintiff brings a claim of negligent hiring and retention against Defendants, but this claim fails because Plaintiff has not alleged facts sufficient to show that Defendants bear responsibility for "bringing an employee into contact with a member of the public despite knowledge that doing so was likely to end poorly," nor has Plaintiff alleged any damages as a result of any alleged negligent hiring or retention by Defendants.

14.     Plaintiff brings a claim of "vicarious liability / respondeat superior" against Defendants, but this is not a cause of action on its own and should be dismissed.

15.    Plaintiff brings a claim of "premises liability & special relationship" against Defendants, but this claim also should fail because Plaintiff does not allege a defect of the land or property.

16.    Plaintiff brings a claim of "Negligence & Special Circumstances / Loco Parentis" against Defendants, but this claim also fails as Plaintiff has not alleged any breach of any duty to Plaintiff resulting in any harm to Plaintiff.

17.    Even if Plaintiff had, the Loco Parentis allegations would be subject to principles of parental immunity and are therefore not viable.

18.    Plaintiff brings a claim under the Americans with Disabilities Act against Defendants, but has failed to allege any discrimination against Plaintiff based on his disability.

19.    The claim is particularly absurd because all of RFL's clients are persons with disabilities, and having a disability is one of the criteria for being eligible for the program.

20.    Plaintiff brings a claim under the rehabilitation act against Defendants, but this claim fails because Plaintiff has not alleged any discrimination against Plaintiff based on his disability.  As above, all of RFL's clients have disabilities as this is a criterion for participation in the program.

21.    For all of the above reasons, and for the reasons more fully articulated in the attached brief, Plaintiff's claims should be dismissed under Rule 12(c).

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's claims against Defendants Ready for Life, Toni Falk, and Emily Perton, and provide all other appropriate relief in their favor that this Court deems just and equitable.

Respectfully Submitted,

*/s/ Caitlin E. Malhiot*
MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
CAITLIN E. MALHIOT (P76606)
Zausmer, P.C.
Attorneys for Defendants Ready for Life,
Tony Falk, and Emily Perton
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
Email: mzausmer@zausmer.com
Email: cgetto@zausmer.com
Email: cmalhiot@zausmer.com

Dated: June 16, 2025

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

CHARLES DOTSON, JR.

      Plaintiff,

v

CALVIN UNIVERSITY, READY FOR
LIFE, ABIGAIL SOBCZYNSKI, in her
individual and official capacity as Graduate
Associate and Resident Director and
Coordinator or Ready for Life with Calvin
University, TONI FALK, in her individual
and official capacity as the Program  Director
of the Ready for Life Academy and Instructor
with Calvin University, EMILY PERTON, in
her individual and official capacity as
Executive Director with Ready for Life and
Calvin University, LAUREN HORRAS, in
her individual and official capacity as Calvin
University Title IX Coordinator Director of
Safer Spaces, LUCAS TYRRELL, AMY
TYRRELL, and DAVID TYRRELL,

      Defendants.

Case No.: 1:24-cv-01111-JMB-RSK
District Judge: Jane M. Beckering
Magistrate Judge: Ray Kent

ANNA EVE WRIGHT (P72611)
Atnip & Associates, PLLC
Attorney for Plaintiff
400 Water St., Suite 205
Rochester, MI 48307
(248) 266-3847 Fax: (248) 674-4774
Email: anna@atniplawyers.com

HEIDI A. TANNER (P61953)
Heidi A. Tanner, Atty at Law, PLLC
Of Counsel for Plaintiff
4701 Charing Ct.
Castle Rock, CO 80109
(248) 672-5478
Email: attyheiditanner@gmail.com

MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
CAITLIN E. MALHIOT (P76606)
Zausmer, P.C.
Attorneys for Defendants Ready for Life,
Tony Falk, and Emily Perton
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
Email: mzausmer@zausmer.com
Email: cgetto@zausmer.com
Email: cmalhiot@zausmer.com

SARAH J. BRUTMAN (P66921)
RANDI DAVIS (P77531)
McDonald Baas & Livingston, PLLC
Attorneys for Defendants Tyrrell
2600 West Big Beaver, Suite 105
Troy, MI 48084
Email: sarah.brutman@mblfirm.com
Email: randi.davis@mclfirm.com

DONALD C. BROWNELL (P48848)
Vanderveer Garzia, P.C.
Attorney for Defendants Calvin University,
Abigail Sobczynski, Lauren Horras
840 W. Long Lake Rd., Suite 600
Troy, MI 48098-6340
(248) 312-2800 Fax: (248) 879-0042
Email: dbrownell@vpgclaw.com

## **BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES ................................................................................... iv

CONCISE STATEMENT OF REASONS IN SUPPORT OF POSITION ................................ vii

   I.   Introduction .......................................................................................... 1

   II.   Standard of Review ................................................................................ 1

   III.   Statement of Facts ................................................................................ 3

   IV.   Legal Argument .................................................................................... 4

      A.   Plaintiff's claims of Intentional Infliction of Emotional Distress should be dismissed because he fails to allege that Defendants committed any intentional or otherwise outrageous acts. ..................................................................................................... 4

      B.   Plaintiff's Title IX claim fails as a matter of law because there is no private right of action against the individual Defendants, and there are no facts alleged showing that Plaintiff was discriminated against because of his gender.................................... 7

      C.   Plaintiff's Elliott-Larsen claims fail as a matter of law .................................. 8

      D.   Plaintiff's § 1983 claim should be dismissed because Defendants are not state actors and, even if they had been, did not cause the unwanted sexual contact. .............................. 10

      E.   Plaintiff's claim of negligent hiring and retention fails as a matter of law. .................. 14

      F.   Plaintiff's count for "vicarious liability / respondeat superior" fails to state a cause of action. ................................................................................................... 16

      G.   Plaintiff fails to state a claim for premises liability .................................... 16

      H.   Plaintiff fails to state a claim for negligence .............................................. 17

      I.   Plaintiff fails to state a claim under the Americans with Disabilities Act of 1990 (ADA)..................................................................................................... 18

      J.   Plaintiff fails to state a claim under the Rehabilitation Act .......................... 19

   V.   Conclusion ......................................................................................... 20

## INDEX OF AUTHORITIES

**Cases**

*Al-Rifai v. Willows Unified School Dist.,*
    469 Fed. Appx. 647, 281 Ed. Law Rep. 44 (9th Cir. 2012)..................................... 7

*American Manufacturers Mutual Insurance Co. v. Sullivan,*
    526 U.S. 40 (1999) ...................................................................................... 13

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).............. 15

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 , 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007) ........................... 15

*Bennett v. Hurley Med. Ctr.,*
    86 F.4th 314 (6th Cir. 2023) ........................................................................ 19

*Berry v. Experian Info. Sols., Inc.,*
    115 F.4th 528 (6th Cir. 2024) ......................................................................... 2

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,*
    531 U.S. 288 (2001) ................................................................................... 13

*Brown v Brown,*
    478 Mich 545, 739 NW2d 313 (2007) ..................................................... 14, 16

*Buhalis v. Trinity Continuing Care Servs.,*
    296 Mich. App. 685, 822 N.W.2d 254 (2012)............................................. 16, 17

*Burrow By and Through Burrow v. Postville Community Sch. Dist.,*
    929 F. Supp. 1193 (N.D. Iowa 1996) ................................................................ 5

*Chapman v. Higbee Co.,*
    319 F.3d 825 (6th Cir. 2003) .................................................................10, 11

*Davis v. Wayne Cnty. Sheriff,*
    201 Mich. App. 572, 507 N.W.2d 751 (1993)...................................................... 16

*Doe by next friend Kolokithas v. Alpena Pub. Sch. Dist.,*
    No. 165441, 2024 WL 3573522, at *4 (Mich. July 29, 2024) ................................. 9

*Downer v. Detroit Receiving Hosp.,*
    191 Mich.App. 232, 477 N.W.2d 146 (1991)...................................................... 9

*E.N. v. Susquehanna Tp. School Dist.,*
    2010 WL 4853700, at *13, n.10 (M.D. Pa. 2010)................................................. 7

*Ellison v. Garbarino,*
    48 F.3d 192 (6th Cir. 1995) ........................................................................ 12

*Engler v. Arnold,*
    862 F.3d 571 (6th Cir. 2017) .................................................................. 1, 2

*Esposito v. Hofstra University*,
   2012 WL 607671, *4 (E.D. N.Y. 2012) ................................................................ 7

*Finley v. Huss*,
   102 F.4th 789 (6th Cir. 2024) ........................................................................... 19

*Gray v. Detroit*,
   399 F.3d 612 (6th Cir. 2005) ........................................................................... 10

*Hayley v. Allstate Ins. Co.*,
   686 N.W.2d 273 (Mich. App. 2004) ............................................................ 4, 5

*Henry v. Dow Chem. Co.*,
   473 Mich. 63, 701 N.W.2d 684 (2005) ......................................................... 18

*Henson v. Dundee*,
   682 F.2d 897 (C.A.11, 1982) .......................................................................... 10

*Howell v. Father Maloney's Boys' Haven, Inc.*,
   976 F. 3d 750 (6th Cir. 2020) ......................................................................... 12

*In re Compuware Securities Litig.*,
   386 F. Supp. 2d 913 (E.D. Mich. 2005) .......................................................... 2

*Jackson v. Prof'l Radiology Inc.*,
   864 F.3d 463 (6th Cir., 2017) .................................................................... vii, 1

*Katz v. Dole*,
   709 F.2d 251(C.A.4, 1983) ............................................................................. 10

*Lansing v. City of Memphis*,
   202 F.3d 821 (6th Cir. 2000) ............................................................... 11, 12, 13

*Lymon v. Freedland*,
   314 Mich. App. 746, 887 N.W.2d 456 (2016) .............................................. 16

*M.S. by Covington v. Hamilton Co. Dep't of Ed.*,
   756 Fed App'x 510 (6th Cir. 2018) ................................................................ 13

*Marcum ex rel. C.V. v. Board of Educ. of Bloom-Carroll Local School Dist.*,
   2010 WL 2927235, at *6 (S.D. Ohio 2010) ..................................................... 8

*Marie v. Am. Red Cross*,
   771 F.3d 344 (6th Cir. 2014) .................................................................... 11, 13

*Mueller v Brannigan Brothers Restaurants & Taverns LLC*,
   323 Mich App 566, 918 NW2d 545 (2018) ............................................ 14, 15

*Novak v. Bd. of Trustees of S. Ill. Univ.*,
   777 F.3d 966 (7th Cir. 2015) .......................................................................... 19

*Radtke v Everett*,
   442 Mich. 368, 501 N.W.2d 155 (1993) ..................................................... 9, 10

*Rendell-Baker v. Kohn*,
   457 U.S. 830 (1982) ............................................................................ 11, 12, 13

*Richardson v. McKnight,*
  521 U.S. 399 (1977) ....................................................................................11

*Roberts v. Auto-Owners Ins. Co.,*
  374 N.W.2d 905 (Mich. 1985) ...................................................................... 6

*Roberts v. Cir.-Wise, Inc.,*
  142 F. Supp. 2d 211 (D. Conn. 2001).......................................................... 5

*S.H.A.R.K. v. Metro Parks Serving Summit Co.,*
  499 F.3d 553 (6th Cir. 2007) ................................................................11, 13

*Saalim v. Walmart, Inc.,*
  97 F.4th 995 (6th Cir. 2024) .......................................................................... 2

*Smith v. Rainey,*
  747 F. Supp. 2d 1327 (M.D. Fla. 2010) ...................................................... 5

*Wilcher v. Akron,*
  498 F.3d 516 (6th Cir. 2007) ...................................................................... 12

*Wolotsky v. Huhn,*
  960 F.2d 1331 (6th Cir. 1992) ...........................................................11, 12, 13

**Statutes**

20 U.S.C.A. § 1681(c) .................................................................................... 7

42 U.S.C. § 1983 ..................................................................................... 10, 14

MCL 37.2102 .................................................................................................. 9

**Rules**

FRCP Rule 12 ......................................................................................... vii, 1

## **CONCISE STATEMENT OF REASONS IN SUPPORT OF POSITION**

Defendants Ready for Life, Toni Falk, and Emily Perton bring this Motion under Rule 12(c) of the Federal Rules of Civil Procedures. Under Rule 12(c) of the Federal Rules of Civil Procedure, parties are entitled to judgment on the pleadings where they can establish that "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir., 2017) (quotation marks and citation omitted).

Each of the counts Plaintiff has filed against Defendants Ready for Life, Toni Falk, and Emily Perton should be dismissed for separate reasons as discussed in detail in Defendants' Brief in Support of Motion.

## I.    Introduction

While we may never know exactly what happened between Charles Dotson, Jr and Luke Tyrell, we do know that both Calvin University and Ready for Life, through their respective agents, took prompt and successful remedial action upon learning that there had been sexual contact between the two men. The two were separated the same day the first complaint was made, and no sexual contact ever occurred between them again.

Despite the appropriate immediate response, Charles Dotson, Jr has filed this 93-page Amended Complaint, with 17 counts spread across 474 allegations against 9 Defendants.  Despite its exaggerated length, the Complaint fails to state a claim against Defendants Ready for Life, Toni Falk, and/or Emily Perton on several counts.  Specifically, all counts against Ready for Life, Toni Falk, and Emily Perton should be dismissed because the allegations do not apply to the unique facts of this case, and no amount of creative pleading can cure the defects.

## II.    Standard of Review

Under Rule 12(c) of the Federal Rules of Civil Procedure, parties are entitled to judgment on the pleadings where they can establish that "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir., 2017) (quotation marks and citation omitted). A motion for judgment on the pleadings is analyzed the same as a motion to dismiss under Rule 12(b)(6). *Id*.

When considering such a motion, "a district court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574–75 (6th Cir. 2017) (quotation marks and citation omitted). To survive a motion for judgment on the pleadings, the complaint

must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 575.

Mere "labels and conclusions are not enough" because the allegations must "contain factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quotation marks and citations omitted). In other words, a district court "need not accept as true legal conclusions or unwarranted factual inferences." *Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 535 (6th Cir. 2024) (quotation marks and citation omitted). A plaintiff "must do more than use talismanic language to cure an otherwise inadequately pled complaint," and "the mere inclusion of boilerplate language" cannot "defeat the requirement that a plaintiff" raise sufficient allegations in support of their claims. *In re Compuware Securities Litig.*, 386 F. Supp. 2d 913, 918 (E.D. Mich. 2005)

A district court's consideration of a motion for judgment on the pleadings is limited to the pleadings, attachments to the pleadings, and documents that are "referred to in the complaint" and are "central to the plaintiff's claim" or are "matters of public record." *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024) (quotation marks and citation omitted).

The deficiencies in Plaintiff's allegations, detailed below, are a consequence of Plaintiff's attempt to create liability for what is alleged to be a mishandling of the aftermath of an alleged sexual assault between two students. The issue that is front and center in this litigation is whether the sexual contact, which apparently happened multiple times before it was reported, was consensual or not. It is undisputed that nobody but the two men were present for the sexual contact. It is undisputed that there were no witnesses. It is undisputed that there was no notice of it prior to its occurrence. It is undisputed that the sexual contact never re-occurred once it was reported.

Against this backdrop, Plaintiff assigns liability to the RFL Defendants for doing nothing

more than refusing to take sides and declining to adopt one version of what happened over the other.  The RFL Defendants instead approached the report of unwanted sexual conduct in a manner intended to preserve the rights of both men, which is something the RFL Defendants cannot reasonably be faulted for.  The unique nature of these facts simply does not permit the litany of legal claims brought against the RFL Defendants.  The factual deficiencies are not remediable with an amended complaint.

### III.    Statement of Facts

In the fall of 2022, Charles, Jr., was a resident of Calvin University through its Ready for Life Academy (RFL), where he was roommates with Luke. "Corrected" Amended Complaint, ECF No. 25, PageID.496-497 at 16-17.  Ready for Life served to provide an inclusive college experience at Calvin University for adults with intellectual disabilities, including Down Syndrome. Id. PageID.497 at 23.

The Complaint alleges that Luke sexually assaulted Charles Jr. on or about November 20th, November 23rd, and/or December 1st of 2022.[1]  Id. PageID.497-498 at 24-27. Charles Jr. reported these incidents, for the first time, on December 1st, 2022 to Zach Rozendal, his Resident Advisor, who immediately repeated the report to Abigail Sobczynski. Id. PageID. 498 at 30-31.  Neither individual was an employee of RFL.  Luke was moved out of the dorm room he had shared with Charles Jr. that same day, December 1, 2022. Id. PageID.510 at 111.  That same day, Sobczynski spoke to Luke about the claims and told both Luke and Charles Jr. that Lauren Horras would be reaching out to them. Id. PageID.498-499 at 32-35. The RFL employees followed up on the same

---

[1] It should be noted that there is some question as to how many incidents occurred, but there is no dispute that nobody other than the two men were aware of any sexual contact until it was reported.  There is also no dispute that once the incidents were reported, the men were separated, and the conduct stopped.

day and on the following day.  Toni Falk spoke with Luke on December 1, 2022, and spoke with Charles Jr. on December 2, 2022. Id. PageID.499-500 at 36-37. Emily Perton also spoke with Charles Jr. on December 2, 2022. Id. PageID.501 at 41. She facilitated Charles Jr. calling his mother to discuss the claims and informed Charles Jr.'s mother than Luke had been expelled- a mere day after the incident was reported. Id. PageID.501 at 44 and PageID.502-503 at 55. Luke's parents retrieved him from Calvin University on December 3, 2022. Id. PageID.506 at 78. There is no allegation of any sexual contact occurring between Charles Jr. and Luke after Charles Jr. first complained on December 1, 2022. Although it goes beyond the basis for this Motion, it should also be noted that Plaintiff admitted, in response to Requests for Admission, that no sexual contact took place after his complaint. (See **Exhibit 1**, Plaintiff's Discovery Responses).

## IV.    Legal Argument

As a threshold matter, Counts I, II, III, and IV are only against Defendant Lucas Tyrell, and Counts VI, VII, and VIII are only against Amy and David Tyrell.  Because these counts are not against Defendants Ready for Life, Tony Falk, or Emily Perton, they are not addressed herein.

### A.    Plaintiff's claims of Intentional Infliction of Emotional Distress should be dismissed because he fails to allege that Defendants committed any intentional or otherwise outrageous acts.

Defendants committed no intentional acts which provide a basis for Plaintiff's IIED claims, and its further alleged actions (or inactions, to be more precise) fall short of the outrageous conduct required to support an IIED claim. Under Michigan law, establishing a claim of IIED requires a plaintiff to prove the following elements: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Hayley v. Allstate Ins. Co.*, 686 N.W.2d 273, 276 (Mich. App. 2004) (quotation marks and citation omitted). "The conduct complained of must be so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. (quotation marks and citation omitted). And it is for a court "to initially determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Id*. at 276–77.

The issue of whether inaction can constitute sufficient conduct to support an IIED claim appears to be a matter of first impression in Michigan, other federal courts that have considered the issue have held that mere inaction is insufficient to establish an IIED claim. *See Smith v. Rainey*, 747 F. Supp. 2d 1327, 1342 (M.D. Fla. 2010) (various allegations of inactions by the defendants were insufficient to meet the threshold for outrageousness); *Roberts v. Cir.-Wise, Inc.*, 142 F. Supp. 2d 211, 218 (D. Conn. 2001) (failure to prevent harassment was insufficient for an IIED claim); *Burrow By and Through Burrow v. Postville Community Sch. Dist.*, 929 F. Supp. 1193, 1210 (N.D. Iowa 1996) (inaction in failing to protect student from peer harassment not outrageous enough to support IIED claim).

Plaintiff alleges that Defendants "disregard[ed] his reports of sexual harassment, assault, and battery by Luke," "fail[ed] to provide Charles, Sr., or Donna Dotson with an accurate depiction of the facts or a timeline of sexual assaults and events that had transpired," and failed to fully inform Donna Dotson of the nature of Charles, Jr.'s claims against Luke. "Corrected" Amended Complaint, ECF No.25, PageID.523-524 at 189-191. There are two problems here.  One, Plaintiff is apparently alleging that Charles, Sr. and/or Donna Dotson were the victims of the IIED.  But neither are Plaintiffs.  Thus, any such theory cannot proceed on the basis of those allegations.

Second, Plaintiff's claim for IIED is solely based on allegations of Defendants' *inactions*, and not any allegations of an *intentional* act which could have resulted in emotional distress.  Even if an "inaction" suffices as an "intentional" act, the plethora of persuasive authority provided above

supports the conclusion that a mere inaction to prevent tortious acts is not enough to sustain an IIED claim. Indeed, the complained of conduct must be such that "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Roberts v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 909 (Mich. 1985) (quotation marks and citation omitted). Inaction, standing alone, cannot meet the high bar to establish an IIED claim, and thus Plaintiffs' IIED claims should be dismissed.

Beyond being instances of inaction that cannot be the basis for an IIED claim, this claim also fails because none of the alleged conduct (or lack thereof) is "outrageous" in nature. Plaintiff has failed to allege how any of the alleged conduct caused Plaintiff emotional distress or how it could be characterized as extreme. Defendants Ready for Life, Falk, and Perton are not accused of having engaged in any sexual conduct with Plaintiff. They did not witness the conduct and were presented with differing views of what happened after the fact. Plaintiff instead complains about how they responded primarily to others AFTER the conduct was reported. By Plaintiff's own Complaint, Defendants took prompt action to separate the men, investigate, then expel Luke. Plaintiff's conclusory allegation that Defendants disregarded Plaintiff's reports of sexual harassment is contradicted by Plaintiff's own recitation of the facts. If there was no harassment, there would be no cause to expel Luke. Even if it is assumed that the aftermath of the sexual assault report was mishandled, which the RFL Defendants deny, nothing the RFL Defendants did or did not do could possibly constitute "outrageous" conduct. Moreover, there is no logical basis to claim that any of this caused Plaintiff any emotional distress, as the RFL Defendants were helping Dotson to address the issue in response to his report. Dotson had already suffered emotional distress as a consequence of what he claims is a sexual assault.

What we have here is a situation in which Plaintiff's parents are apparently angry. But

6

Dotson's parents aren't plaintiffs.  Thus, Plaintiff's allegations that Defendants provided ***Plaintiff's parents*** with inadequate information similarly fail.  There is nothing "outrageous" about failing to provide Plaintiff's parents with a "timeline" of sexual assault allegations or using euphemistic language, nor could any finder of fact reasonably find that the way Defendants described the alleged sexual conduct to Plaintiff's parents caused Plaintiff emotional distress.  If this information was as important as is claimed, Plaintiff's parents could and should have obtained it from their son.  Their son's reluctance to share this information with his parents cannot give rise to a tort against the RFL Defendants.

Plaintiff's claim of intentional infliction of emotional distress against Defendants should be dismissed.  It claims that *inactions* of Defendants, *after* the alleged sexual assault, which were based on events after the alleged assault, which the RFL Defendants did not witness, caused severe emotional distress to Plaintiff.  There is no merit to the claim.

### B. Plaintiff's Title IX claim fails as a matter of law because there is no private right of action against the individual Defendants, and there are no facts alleged showing that Plaintiff was discriminated against because of his gender.

Plaintiff's next claim against Defendants is for violation of Title IX. § 901(c) of Title IX, 20 U.S.C.A. § 1681(c). The claims against Toni Falk and Emily Perton are not legally viable, because Title IX does not allow claims against individual defendants. *Al-Rifai v. Willows Unified School Dist.,* 469 Fed. Appx. 647, 649, 281 Ed. Law Rep. 44 (9th Cir. 2012) ("Title IX does not create a private right of action against school officials, teachers and other individuals who are not direct recipients of federal funding");  *Esposito v. Hofstra University*, 2012 WL 607671, *4 (E.D. N.Y. 2012) ("Like Title VII, there is no individual liability under Title IX" and in student's claim of sexual harassment by teacher, "the only Title IX Defendant is the University; and the recipient of funds"); *E.N. v. Susquehanna Tp. School Dist.,* 2010 WL 4853700, at *13, n.10 (M.D. Pa. 2010)

(dismissing Title IX claims against individual defendants because individuals cannot be held liable under Title IX); *Marcum ex rel. C.V. v. Board of Educ. of Bloom-Carroll Local School Dist.,* 2010 WL 2927235, at *6 (S.D. Ohio 2010) (principal is not subject to individual liability under Title IX as he is not a recipient of federal funds).

Moreover, Title IX addresses gender discrimination. There is no factual basis anywhere in Plaintiff's allegations in support of an argument that Dotson was treated differently because he was a man. There is no allegation or factual support for the position that Dotson was treated differently because he had sexual contact with another man. There is no allegation or factual support for the argument that a woman would have been treated differently or that Dotson would have been treated differently if he had sexual contact with a woman. The same goes for Tyrrell. Put simply, there is no Title IX case here.

Finally, Plaintiff has suffered no damages as a result of any alleged failure to conduct a Title IX investigation. After the first report of sexual misconduct the men were immediately separated and there were no further incidents, so any alleged failure to comply with Title IX did not result in any additional harassment or other damages to Plaintiff. There is no allegation or factual support for the proposition that RFL would have been responsible for a Title IX investigation. A Title IX investigation, if needed (and we do not suggest one was needed), would ordinarily be conducted by the school, not the contractor, RFL. For these reasons, Plaintiff's Title IX claims fail.

### C. Plaintiff's Elliott-Larsen claims fail as a matter of law

The next cause of action against these Defendants is for violation of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA.") Under the ELCRA, Michigan law recognizes that the full and equal utilization of educational facilities without discrimination because of sex is a civil right.

MCL 37.2102(1).  In order to establish a prima facie case of harassment under the ELCRA, Plaintiff must establish the following elements: 1) that he belonged to a protected group; 2) that he was subjected to communication or conduct on the basis of sex; 3) that the communication or conduct was unwelcome; 4) that the unwelcome sexual conduct or communication was intended to or in fact did substantially interfere with his education or created an intimidating, hostile, or offensive work environment; and 5) respondeat superior. *Radtke v Everett*, 442 Mich. 368, 382-383, 501 N.W.2d 155 (1993).

The Michigan Supreme Court recently considered a similar claim of student-on-student sexual harassment under ELCRA and found that the school was **not** liable, stating: "[w]e disagree with the Court of Appeals' conclusion that having some degree of control over a student is sufficient to impute ELCRA liability for a hostile-educational-environment-harassment claim involving student-on-student conduct."  *Doe by next friend Kolokithas v. Alpena Pub. Sch. Dist.*, No. 165441, 2024 WL 3573522, at *4 (Mich. July 29, 2024). The Michigan Supreme Court did not find any basis for imposing liability on the school for a student's actions, including through the *in loco parentis* doctrine, and found "[a]fter carefully analyzing the text of the ELCRA, we see no indication that the Legislature intended to incorporate the doctrine of in loco parentis in order to make schools liable for student-on-student sexual harassment." *Id.* at 5.

Defendants also cannot be liable under ELCRA because they took prompt remedial action upon receiving notice. Under ELCRA, a defendant is not liable in a hostile environment / harassment case "if it adequately investigated and took prompt and appropriate remedial action upon notice of the alleged hostile work environment." *Downer v. Detroit Receiving Hosp.*, 191 Mich.App. 232, 234, 477 N.W.2d 146 (1991). A defendant must have notice of alleged harassment before being held liable for not implementing action. *Katz v. Dole*, 709 F.2d 251, 255 (C.A.4,

1983); *Henson v. Dundee*, 682 F.2d 897, 905 (C.A.11, 1982),  *Radtke*, supra at 396–397, 501 N.W.2d 155.

There is no dispute that the allegations of unwanted sexual contact were addressed on the very day they were reported.  Since no sexual conduct is alleged to have occurred *after* Plaintiff first complained, there is no basis for liability against Defendants, as they did not have notice prior to the complaint. The ELCRA claim should be dismissed.

### D.  Plaintiff's § 1983 claim should be dismissed because Defendants are not state actors and, even if they had been, did not cause the unwanted sexual contact.

Plaintiff's § 1983 claim against Defendants should be dismissed because Plaintiff failed to sufficiently allege that Ready for Life—a private non-profit—was acting under color of state law, and because Plaintiff failed to allege that Defendants took any affirmative acts that resulted in Plaintiff being sexually assaulted.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Gray v. Detroit*, 399 F.3d 612, 615 (6th Cir. 2005) (citation omitted).  Thus, the threshold inquiry in a § 1983 claim is whether the defendant was a person acting under color of state law. Notably, Plaintiff **does not even allege** that Defendants were acting under color of state law, which is a prerequisite to any 1983 claim.

In the Sixth Circuit, a plaintiff must satisfy one of three tests to show that a nongovernmental defendant is a person acting under color of state law: (i) the public function test, (ii) the state compulsion test, or (iii) the symbiotic relationship or nexus test. *Chapman v. Higbee Co.,* 319 F.3d 825 (6th Cir. 2003), cert. denied, 542 U.S. 945 (2004).

Under the public function test, a private party is a state actor if it exercises powers traditionally reserved exclusively to the state. *Id.* at 833. The state compulsion test requires that a

state "exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Lansing v. City of Memphis,* 202 F.3d 821, 829 (6th Cir. 2000) (quotation marks and citation omitted). Under the nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action such that the action may be fairly treated as having been taken by the state itself. *S.H.A.R.K. v. Metro Parks Serving Summit Co.,* 499 F.3d 553, 565 (6th Cir. 2007).

The RFL Defendants are not arguably "state actors" under the public function test. RFL is a private non-profit corporation.  Providing services to help cognitively impaired adults attend college is not traditionally exclusive to the State, nor are education or special education services more broadly. The public function test refers to functions "traditionally reserved *exclusively* to the state."  *Chapman*, 319 F.3d at 833. The public function test is interpreted narrowly, and applies only to "functions like holding elections, exercising eminent domain, and operating a company-owned town."  *Id.*   The education, care, and even housing of juveniles or impaired adults is not such a function.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (private school was not a state actor because education is not within the "exclusive province of the state"); *Richardson v. McKnight*, 521 U.S. 399, 405 (1977) ("[C]orrectional functions have never been exclusively public . . ."); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (mental health services are not an exclusively public function).

Moreover, it is the plaintiff's burden to "advance historical and factual allegations in their complaint giving rise a reasonable inference" that a function "is traditionally exclusively in the province of the State." *Marie v. Am. Red Cross*, 771 F.3d 344, 362-63 (6th Cir. 2014). If a plaintiff fails to provide such allegations, a claim of state action fails as a matter of law. *Id*. *See also Ellison*

*v. Garbarino*, 48 F.3d 192, 196 (6th Cir. 1995) (public function test is "inapplicable" where a plaintiff neglects "to offer any analysis concerning the history" of a function in the relevant state).

There are no allegations that the services offered by Ready for Life are traditionally an exclusive public function in Michigan, nor would any such allegations be credible. There is no allegation that Ready for Life was acting under color of law at all. Moreover, any attempt to advance such allegations or analysis would be futile.

Ready for Life is also not a state actor under the state compulsion test because there are no allegations (nor could any such allegations be credibly made) that there was any state coercion or participation in Ready for Life's decision making. The state compulsion test requires that a state "exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Lansing*, 202 F.3d at 829 (quotation marks and citation omitted). To satisfy the state compulsion test, "a plaintiff must allege and prove that state officials coerced or participated" in a defendant's decision making. *Wilcher v. Akron*, 498 F.3d 516, 520 (6th Cir. 2007). This requires "more than mere approval or acquiescence in the initiatives of the private party." *Wolotsky*, 960 F.2d at 1335.

Additionally, "[r]equiring private actors to follow statutory mandates, even if they're 'extensive,' doesn't transform them into public servants." *Howell v. Father Maloney's Boys' Haven, Inc.,* 976 F. 3d 750, 755 (6th Cir. 2020). Indeed, were that the case, "it would be the rare entity that was not a public actor." *Id*. Likewise, the receipt of public funds, existence of public contracts, and receipt of government referrals are not sufficient evidence of state *controlled* or *coerced* action. *See Rendell-Baker*, 457 U.S. at 841-42. Plaintiff has not alleged, or even identified, any factor that would give rise to a state compulsion theory. In fact, there is no allegation of state involvement here of *any* kind, let alone allegations of coercion from the state. Plaintiff has not

raised allegations sufficient to show that Ready for Life was a state actor under the state compulsion test.

Under the final test, the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a close nexus between the state and the action such that the action may be fairly treated as having been taken by the state. *S.H.A.R.K.,* 499 F.3d at 565. "Merely because a business is subject to state regulation does not by itself convert its action into state action." *Wolotsky*, 960 F.2d at 1336. "Rather, it must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of § 1983." *Id.  See also Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014).

In *M.S. by Covington v. Hamilton Co. Dep't of Ed.*, 756 Fed App'x 510, 513-14 (6th Cir. 2018), the United States Court of Appeals for the Sixth Circuit explained as follows:

> Although there is no litmus to determine what actions are enough to constitute a sufficient nexus or entwinement, courts are clear about what actions are *not* enough for a private entity to be considered a state actor. *See Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000). For example, receiving extensive government funding is not enough, *Rendell-Baker*, 457 U.S. at 840; "mere cooperation" between the entities or "an economic benefit" conferred on a city by a private entity is not enough, *Lansing*, 202 F.3d at 831; regular partnership in public service activities is not enough, *Marie*, 771 F.3d at 363; "extensive state regulation" of the private entity is not enough, *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 52 (1999); and the "minority presence of public officials on the board of a private entity" is not enough, *Lansing*, 202 F.3d at 831.

A nexus may exist where "the relevant facts show pervasive entwinement to the point of largely overlapping identity." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 303 (2001). Similarly, a nexus may exist if a private entity's discriminatory actions would be mutually advantageous to the private entity's profits and the state's financial position. *See Rendell-Baker*, 457 U.S. at 842–43 (1982) (private restaurant's discriminatory refusal to serve Black customers benefitted the state's financial position because the restaurant was located in a

publicly owned parking garage and rent from the restaurant contributed support to the garage). Here, there is no allegation of *any* entwinement between Ready for Life and the state.  Clearly, this test fails as well.

In summary, there is no allegation with factual support in this case, nor can there be, that could conceivably bring the RFL Defendants into the category of state action.  State action is a necessary prerequisite to pursing a § 1983 claim.  RFL is a private, non-profit corporation that provides services to disabled adults who want to experience college.  Calvin University is a private university.  Any connection to the state is absent here.  There is nothing anywhere in the facts of this case that support a theory of state action.  Because RFL and its employees are not state actors under any possible test, and Plaintiff has not even alleged that they are, Plaintiff's claim under 42 U.S.C. § 1983 should be dismissed.

### E.  Plaintiff's claim of negligent hiring and retention fails as a matter of law.

"[T]he gravamen of negligent hiring or retention is that the employer bears some responsibility for bringing an employee into contact with a member of the public despite knowledge that doing so was likely to end poorly." *Mueller v Brannigan Brothers Restaurants & Taverns LLC*, 323 Mich App 566, 574; 918 NW2d 545 (2018).  "[A] claim of negligent hiring or retention requires actual or constructive knowledge by the employer that would make the specific wrongful conduct perpetrated by an employee predictable." *Id.* at 575.  In other words, claims of negligent retention, negligent training, and negligent supervision "depend on the particular misconduct complained of being foreseeable." *Id.* at 577. Like ordinary negligence, to prove a prima facie claim for negligent hiring, training, and retention, a plaintiff must prove four elements: (1) a duty owed, (2) breach of that duty, (3) causation, and (4) damages. *Brown v Brown*, 478 Mich 545, 552; 739 NW2d 313 (2007).

Plaintiff's claim for negligent hiring and retention against RFL fails for multiple reasons. Plaintiff only alleges generally that RFL was "negligent and/or wanton in failing to properly, adequately, and/or reasonably hire, supervise, monitor, regulate, instruct, oversee, and/or otherwise guide Ready for Life teachers, employees, agents, associates, and/or staff members, i.e. … Falk [and] Perton.," and that RFL's "failure to properly hire and/or retain employees, and/or contractors, contributed to the sexual assaults, battery, harassment, violence, and severe injuries suffered by Charles, Jr." "Corrected" Amended Complaint, ECF No.25, PageID.561-562 at 381-382.

These conclusory allegations, unsupported by any factual allegations, fail to meet the required standard requiring that a complaint state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s]   devoid   of   further   factual   enhancement."   *Ashcroft   v.   Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citations omitted).

Plaintiffs have offered NO support for their assertion that some unexplained failure by RFL contributed to the sexual assaults, battery, harassment, violence, and severe injuries suffered by Charles Jr.  In fact, the facts alleged in the Complaint indicate that complete opposite:  as soon as Defendants were informed of a potential issue they took prompt remedial action and no such future incident occurred. Plaintiff has not alleged what "failure" Defendants are alleged to have committed, what specific wrongful conduct its employees are alleged to have committed, or why that particular misconduct would have been specifically foreseeable to Ready for Life, all of which are ***required*** elements of the claim. *See Mueller, supra*.  Furthermore, Plaintiff has failed to allege what damages he suffered specifically as a result of any alleged wrongful hiring or retention by

Ready for Life, as opposed to the alleged assault from Luke Tyrell.  Damages are a required element of a negligent hiring claim (see *Brown,* supra) and Plaintiff's claim fails without it.

The negligent hiring and retention count against the RFL Defendants should be dismissed.

### F.  Plaintiff's count for "vicarious liability / respondeat superior" fails to state a cause of action.

Plaintiff brings a standalone claim entitled "vicarious liability / respondeat superior" against Defendants Calvin University and Ready for Life.  The count includes citations explaining the doctrine of respondeat superior.  However, respondeat superior is a doctrine by which to attach liability for specific types of claims to an employer, not a cause of action on its own. "In other words, respondeat superior is not a sufficient theory upon which to premise liability." *Davis v. Wayne Cnty. Sheriff,* 201 Mich. App. 572, 576, 507 N.W.2d 751, 753 (1993).

While Plaintiff may try to allege that Defendant Ready for Life is liable for actionable violations committed by its employees under the doctrine of respondeat superior, this count on its own fails to allege a cause of action or state an actionable claim as a matter of law and should be dismissed.

### G.  Plaintiff fails to state a claim for premises liability

Plaintiff's Count XIV is for premises liability, yet fails to state a claim relating to any alleged defect on the premises. Michigan law distinguishes between a claim of ordinary negligence and a claim premised on a condition of the land. *Lymon v. Freedland*, 314 Mich. App. 746, 756, 887 N.W.2d 456 (2016).  Whether the gravamen of an action sounds in negligence or in premises liability is determined by considering the plaintiff's complaint as a whole, regardless of the labels attached to the allegations by the plaintiff. *Buhalis v. Trinity Continuing Care Servs.*, 296 Mich. App. 685, 691-692, 822 N.W.2d 254 (2012). When it is alleged that the plaintiff's injuries arose from a dangerous condition on the land, the claim is one of premises liability rather than one of

ordinary negligence. *Id.* at 692, 822 N.W.2d 254.

Plaintiff's complaint utterly fails to even mention any alleged condition on the land. Plaintiff fails to allege that RFL was in possession or control of it (RFL was not).  Instead, the gravamen (and only allegations) of the Complaint are about personal conduct.  This case does not sound in premises liability and this count should be dismissed.

### H.  Plaintiff fails to state a claim for negligence

Plaintiff's next count against Ready for Life is for "negligence & special circumstances / loco parentis." This count alleges that "Ready for Life had a duty to investigate the claims of sexual abuse, battery, harassment, and violence against Charles, Jr., by Luke after they were brought to their attention." ("Corrected" Amended Complaint, ECF No.25, PageID.570 at 419). The count further alleges that "[t]he student-on-student sexual abuse, battery, harassment, and violence occurred on Calvin University and Ready for Life's premises and continued despite Charles, Jr., notifying Calvin University, Ready for Life, Sobczynski, Falk, Perton, and their administrators, employees, staff, agents, representatives, and teachers." (Id. at 421). However, this is in direct contradiction to the factual allegations in the Complaint, which specifically describe Ready for Life taking immediate action the same day it was notified of Charles, Jr.'s complaint and *no further sexual contact occurring after the complaint was first made.*

As described by Plaintiff's own Complaint, upon the first notification of any potential sexual contact between Charles, Jr. and Luke, Defendants took immediate action. They removed Luke from Charles, Jr.'s room and began investigating, with Luke being expelled and removed from campus within two days.  These immediate efforts were clearly successful as the Complaint alleges no further sexual contact between the men after the complaint was made.

Moreover, Negligence requires an actual injury.  *Henry v. Dow Chem. Co.*, 473 Mich. 63,

78-80, 701 N.W.2d 684, 691 (2005) (holding no "legally cognizable injury" without some physical manifestation).  There is no physical injury alleged here.  The RFL Defendants are accused of committing torts *after the alleged injury occurred*, but they are not accused of causing any physical injury.

It is concerning that Plaintiff contradicts his own Complaint in an attempt to craft a claim for negligence against Defendants, making a statement directly contradicted by the factual allegations already alleged.  As alleged in Plaintiff's own Complaint, Defendants took prompt and successful remedial action immediately following the first complaint, and thus did not breach any duty to Charles, Jr.  As soon as Defendants became aware of a potential issue they prevented it from ever happening again.  Furthermore, since no assault occurred after the notice was first given, none of Charles, Jr.'s alleged damages are attributable to Defendants, and damages are an essential element of any negligence claim.  Plaintiff's claim for negligence against Ready for Life should be dismissed.

## I.  Plaintiff fails to state a claim under the Americans with Disabilities Act of 1990 (ADA).

Plaintiff brings a count of disability discrimination under the Americans with Disability Act of 1990 (ADA). But Plaintiff has failed to articulate any claim for discrimination, likely because having a disability is an essential criteria for participating in the program.    It is legally impossible to show that disabled persons were treated differently than non-disabled persons, because there are no non-disabled persons in the program.  They don't qualify.  Ready for Life, as Plaintiff alleges, is an organization that exists to serve individuals with disabilities. Plaintiff fails to allege sufficient facts to pursue a disparate treatment or other theory of discrimination based on Dotson's disability.

"In order to make out a prima facie case of discrimination under both the ADA and the

Rehabilitation Act, a plaintiff must show: (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability." *Novak v. Bd. of Trustees of S. Ill. Univ.,* 777 F.3d 966, 974 (7th Cir. 2015) (citing *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005)).

Charles, Jr was not excluded from the program, nor is there any allegation that he was. Furthermore, Plaintiff has not alleged any facts that would support his position that even if there had been some type of exclusion that it was "based on his disability." Plaintiff was only in the program *because* of his disability. He was not denied any benefit because of his disability, and Plaintiff does not allege any fact in support of any such allegation. Plaintiff has not alleged any direct or indirect evidence to show discriminatory intent, nor has he alleged any discriminatory action. Plaintiff has failed to state a claim under the ADA and this count should be dismissed.

### J.  Plaintiff fails to state a claim under the Rehabilitation Act

The last claim Plaintiff brings against Defendant Ready for Life is under the Rehabilitation Act. The Rehabilitation Act is a parallel statute of the ADA, and both "statutes prohibit public or federally funded entities . . . from discriminating against disabled individuals while operating services or programs." *Finley v. Huss*, 102 F.4th 789, 819–20 (6th Cir. 2024). And the Rehabilitation Act "applies only to federally funded entities." *Id*. at 820 fn 14. In this way, the scope of the Rehabilitation Act is different than that of Title II of the ADA because it "applies only to federally funded, rather than 'public' entities." *Bennett v. Hurley Med. Ctr.*, 86 F.4th 314, 324 (6th Cir. 2023). For the same reasons that the ADA count should be dismissed, so should the Rehabilitation Act count be dismissed.

## V.    Conclusion

Defendant Ready for Life and its employees responded immediately and successfully upon first receiving notice of any sexual contact, consensual or otherwise, between Charles Jr. and Luke. As Charles, Jr. himself alleges in the Complaint, the men were separated immediately and no further instances of sexual contact occurred.  Defendants acted appropriately and did exactly what was supposed to be done in response to the situation, and no amount of throwing spaghetti at the wall can turn this entirely appropriate response into a viable claim against Ready for Life or its agents.

Plaintiff's Complaint is excessive, but that does not make it viable.  In fact, the sheer number of inapplicable counts shows how desperate Plaintiff is to create a case when none is there. Plaintiff glosses over essential elements of the claims he pleads, such as certain claims only being applicable to government actors, which Defendants are not, or relating to defects on the land, which are not present or alleged here, in an effort to distract and overwhelm this Court, when the truth is there is not a single count against Defendants Ready for Life, Toni Falk, or Emily Perton for which Plaintiff has sufficiently pled a viable claim.

For these reasons, Defendants respectfully request that this Court dismiss Plaintiff's claims against Defendants Ready for Life, Toni Falk, and Emily Perton, and provide all other appropriate relief in their favor that this Court deems just and equitable.

Respectfully Submitted,

*/s/ Caitlin E. Malhiot*
MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
CAITLIN E. MALHIOT (P76606)
Zausmer, P.C.
Attorneys for Defendants Ready for Life, Tony Falk, and Emily Perton
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
Email: mzausmer@zausmer.com
Email: cgetto@zausmer.com
Email: cmalhiot@zausmer.com

Dated: June 16, 2025

## CERTIFICATE OF SERVICE

ASHLEY M. ZABINSKI deposes and states that on the 16th day of June, 2025, I electronically filed Defendants Ready for Life, Toni Falk, and Emily Perton's Motion for Judgment On the Pleadings Pursuant to Rule 12(C) with the Clerk of the Court using the Case Management/ Electronic Case Filing (CM/ECF) system which will send notification of such filing to all attorneys of record at their respective email addresses.

*/s Ashley M. Zabinski*
Zausmer, P.C.