# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CHARLES DOTSON, JR.

       Plaintiff,

v

CALVIN UNIVERSITY, READY
FOR LIFE, ABIGAIL SOBCZYNSKI,
in her individual and official capacity
as Graduate Associate and Resident
Director and Coordinator or Ready for
Life with Calvin University, TONI
FALK, in her individual and official
capacity as the Program  Director of
the Ready for Life Academy and
Instructor with Calvin University,
EMILY PERTON, in her individual
and official capacity as Executive
Director with Ready for Life and
Calvin University, LAUREN
HORRAS, in her individual and
official capacity as Calvin University
Title IX Coordinator Director of Safer
Spaces, LUCAS TYRRELL, AMY
TYRRELL, and DAVID TYRRELL,

       Defendants.

Case No.: 1:24-cv-01111-JMB-RSK
District Judge: Jane M. Beckering
Magistrate Judge: Ray Kent

---

ANNA EVE WRIGHT (P72611)
Atnip & Associates, PLLC
Attorney for Plaintiff
400 Water St., Suite 205
Rochester, MI 48307
(248) 266-3847 Fax: (248) 674-4774
Email: anna@atniplawyers.com

MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
CAITLIN E. MALHIOT (P76606)
Zausmer, P.C.
Attorneys for Defendants Ready for
Life, Toni Falk, and Emily Perton
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
Email: mzausmer@zausmer.com

1

HEIDI A. TANNER (P61953)
Heidi A. Tanner, Atty at Law, PLLC
Co Attorney for Plaintiff
4701 Charing Ct.
Castle Rock, CO 80109
(248) 672-5478
Email: attyheiditanner@gmail.com

Email: cgetto@zausmer.com
Email: cmalhiot@zausmer.com

SARAH J. BRUTMAN (P66921)
RANDI DAVIS (P77531)
McDonald Baas & Livingston, PLLC
Attorneys for Defendants Tyrrell
2600 West Big Beaver, Suite 105
Troy, MI 48084
Email: sarah.brutman@mblfirm.com
Email: randi.davis@mclfirm.com

DONALD C. BROWNELL (P48848)
Vanderveer Garzia, P.C.
Attorney for Defendants Calvin
University, Abigail Sobczynski, Lauren
Horras
840 W. Long Lake Rd., Suite 600
Troy, MI 48098-6340
(248) 312-2800 Fax: (248) 879-0042
Email: dbrownell@vpgclaw.com

---

### PLAINTIFF, CHARLES DOTSON, JR.'S ANSWERS TO DEFENDANTS READY FOR LIFE, TONI FALK, AND EMILY PERTON'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST TO PRODUCE

NOW COME the Plaintiff CHARLES DOTSON, JR., by and through his attorneys, ATNIP & ASSOCIATES, PLLC, and HEIDI A. TANNER., and for his answers to Defendants Ready for Life, Toni Falk, and Emily Perton's Request for Admissions, Interrogatories, and Request for Production, states as follows.

### GENERAL OBJECTIONS

1.    In response to each Request for Admission, Plaintiff does not concede the relevance or materiality of the subject matter of the discovery request or of the information requested in response to the discovery request.  Rather, the answers to each discovery request are made expressly subject to, and without in any way

waiving, any question or questions as to the competency, relevancy, privilege or admissibility of the responses given.

2.    Plaintiff objects to each Request for Admission to the extent they seek information which is neither relevant to the claims or defenses of Plaintiff not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to each Request for Admission to the extent it purports to expand the scope of expert discovery beyond that provided in Fed.R.Civ.P. 26.

4.    Plaintiff objects to each Request for Admission to the extent such discovery requires the making of judgments of relationship and degree without reference to whether such information is calculated to lead to the discovery of admissible evidence, or impermissibly seeks to discover the mental impressions, conclusions and opinions of counsel by seeking their opinions regarding matters of legal and factual relationships.

5.    Plaintiff objects to each Request for Admission to the extent it requires Plaintiff to produce any materials that are available to the public in governmental agency files since those materials are equally available to Defendant.

6.    These general objections apply to each specific Request for Admission unless stated otherwise.  For the duration, any general objection in response to a specific discovery request or Interrogatory shall not be construed to limit the applicability of any other general objection.

7.      Plaintiff objects as to Defendants Improper Combination of Discovery Requests. The combination of Request for Admissions, Interrogatories and Requests for Production of Documents in a single document is improper as Request for Admissions, Interrogatories and Requests for Production of Documents serve distinct purposes and are subject to separate Court Rules. Consolidating these requests into a single document creates confusion and impedes the responding party's ability to provide timely and accurate responses. Furthermore, it may prejudice the responding party's ability to assert specific objections or privileges applicable to each type of request.

## <u>Notice of Supplemental Disclosures</u>

*Any and all answers by Plaintiff and/or supporting documents submitted by Plaintiff in response to Defendant's Requests for Admission shall also serve as Plaintiff's Supplemental Disclosures, pursuant to Fed.R.Civ.P. 26(e)(1)).*

## <u>REQUEST FOR ADMISSION</u>

1.      Admit that after reporting the alleged assault(s) on December 1 & 2, 2022, no further sexual contact took place between Luke Tyrrell and Charles Dotson, Jr.

**RESPONSE**: Admit.  Plaintiff admits that no further sexual contact took place between Chrles Dotson Jr. and Defendant Luke Tyrrell after December 2, 2022.

2.    Admit that the alleged sexual assaults all took place prior to Thanksgiving break.

**RESPONSE:** Denied.

3.    Admit that video evidence of some or all of the alleged sexual assault(s) was deleted off of Charles Dotson, Jr.'s phone.

**RESPONSE**: Plaintiff objects to the form of this Request to Admit.  Subject to the objection, Plaintiff Admits that at the time of the video's deletion his parents were not aware of the crimes that had been committed against him due to Defendants Calvin University, Ready or Life, Emily Perton, Lauren Horras, Abigail Sobczynski, and Toni Falk's failure to advise them of same and failure to assist him in the investigation and reporting of the crimes to the appropriate police department. Plaintiff further admits that the video was taken during the beginning of the unsolicited and unwelcome sexual assaults.

4.    Admit that on December 1, 2022, Charles Dotson, Jr. reported that Luke Tyrrell tried to kiss him.

**RESPONSE**:    Admit.  It is Plaintiff's belief that he made his report of the unwelcome kissing by Luke Tyrell on December 1, 2022.

5

5.      Admit that Charles Dotson, Jr. did not report any other alleged sexual assault until December 2, 2022.

**RESPONSE**: Plaintiff objects to the form of this Request to Admit.  Plaintiff cannot Admit nor Deny this request in the manner stated.  Plaintiff cannot speculate as to Defendant's meaning of who the report was to have been made.  Subject to the objection and if Plaintiff understands Defendant's meaning, Plaintiff, to the best of his recollection, believes he reported the remaining details relative to the sexual assaults committed against him by Defendant Luke Tyrrell on or about December 1 and December 2, 2022.

6.      Admit that Loco Parentis is a term of art that applies to persons stepping into the role a parent of a minor child.

**RESPONSE**: Objection, this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology.  Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

7.      Admit that persons standing in Loco Parentis are entitled to intrafamily tort immunity.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology.

Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

8.    Admit that there is no private claim for Title IX damages when there was no sexual misconduct after the misconduct was reported.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

9.    Admit that there is no ELCRA claim for damages when there was no sexual misconduct stopped after the misconduct was reported.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

10.    Admit that Ready for Life was not in possession and/or control of the dorm Charles Dotson, Jr. stayed in while at Calvin University.

**RESPONSE**: Denied.

11.    Admit that Toni Falk was not in possession and/or control of the dorm Charles Dotson, Jr. stayed in while at Calvin University.

**RESPONSE**: Denied.

12.    Admit that Emily Perton was not in possession and/or control of the dorm Charles Dotson, Jr. stayed in while at Calvin University.

**RESPONSE**: Denied.

13.    Admit that Ready for Life was not in possession and/or control of the dorm room Charles Dotson, Jr. stayed in while at Calvin University.

**RESPONSE**:        Denied.

14.    Admit that Toni Falk was not in possession and/or control of the dorm room Charles Dotson, Jr. stayed in while at Calvin University.

**RESPONSE**: Denied.

15.    Admit that Emily Perton was not in possession and/or control of the dorm room Charles Dotson, Jr. stayed in while at Calvin University.

**RESPONSE**: Denied.

16.    Admit that there was no dangerous condition on the land in Charles Dotson, Jr.'s dorm room at any time that he lived there.

**RESPONSE**: Denied.

17.    Admit that Ready for Life was not aware of any dangerous condition on the land in Charles Dotson, Jr.'s dorm room prior to December 1, 2022.

**RESPONSE**: Objection to the form and foundation of the Request to Admit. Subject to the objection, Plaintiff Denies.

18.    Admit that Toni Falk was not aware of any dangerous condition on the land in Charles Dotson, Jr.'s dorm room prior to December 1, 2022.

**RESPONSE**: Objection to the form and foundation of the Request to Admit.  Subject to the objection, Plaintiff Denies.

19.    Admit that Emily Perton was not aware of any dangerous condition on the land in Charles Dotson, Jr.'s dorm room prior to December 1, 2022.

**RESPONSE**: Objection to the form and foundation of the Request to Admit. Subject to the objection, Plaintiff Denies.

20.    Admit that Ready for Life was not aware of any defective condition on the land in Charles Dotson, Jr.'s dorm room prior to December 1, 2022.

**RESPONSE**: Objection to the form and foundation of the Request to Admit. Subject to the objection, Plaintiff Denies.

21.    Admit that Toni Falk was not aware of any defective condition on the land in Charles Dotson, Jr.'s dorm room prior to December 1, 2022.

**RESPONSE**: Objection to the form and foundation of the Request to Admit.  Subject to the objection, Plaintiff Denies.

22.    Admit that Emily Perton was not aware of any defective condition on the land in Charles Dotson, Jr.'s dorm room prior to December 1, 2022.

**RESPONSE**: Objection to the form and foundation of the Request to Admit. Subject to the objection, Plaintiff Denies.

23.    Admit that Ready for Life is not a state actor under any test currently accepted in the Sixth Circuit.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.  Further, Plaintiff lacks sufficient information or knowledge on which to admit or deny this Request.

24.    Admit that Toni Falk is not a state actor under any legal test currently accepted in the Sixth Circuit.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.  Further, Plaintiff lacks sufficient information or knowledge on which to admit or deny this Request.

25.    Admit that Emily Perton is not a state actor under any test currently accepted in the Sixth Circuit.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.  Further, Plaintiff lacks sufficient information or knowledge on which to admit or deny this Request.

26.    Admit that Ready for Life is a private, not-for-profit corporation.

**RESPONSE**:  Plaintiff objects to the form of this Request to Admit.  Plaintiff also objects on the grounds this Request to Admit is irrelevant pursuant to F.R.E. 401 in that the admission it seeks has no relation to the subject of this lawsuit.  Subject to this objection, Plaintiff states that based on LARA Articles of Incorporation filings, Defendant has indicated they are a non-profit corporation.

27.    Admit that Charles Dotson, Jr. showered between the time of the last instance of alleged sexual misconduct and December 1, 2022.

**RESPONSE**: Admit.

28.    Admit that Emily Perton cleared a background check prior to her employment with Ready for Life.

**RESPONSE**: Objection, this Request is irrelevant pursuant to F.R.E. 401 in that the admission it seeks has no relation to the subject of this lawsuit.  Further, Plaintiff lacks sufficient information or knowledge on which to admit or deny this Request.

11

29.    Admit that Toni Falk cleared a background check prior to her employment with Ready for Life.

**RESPONSE**: Objection, this Request is irrelevant pursuant to F.R.E. 401 in that the admission it seeks has no relation to the subject of this lawsuit.  Further, Plaintiff lacks sufficient information or knowledge on which to admit or deny this Request.

30.    Admit that that Emily Perton was qualified by education, training and experience for her job at Ready for Life.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.  Further, Plaintiff lacks sufficient information or knowledge on which to admit or deny this Request.

31.    Admit that Toni Falk was qualified by education, training and experience for her job at Ready for Life.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701

and 702. Further, Plaintiff lacks sufficient information or knowledge on which to admit or deny this Request.

32.    Admit that all of your allegations of Intentional Infliction of Emotional Distress against Toni Falk, Emily Perton and Ready for Life are based on occurrences that happened on or after December 1, 2022.

**RESPONSE**: Admit.

## INTERROGATORIES

1.    Set forth the physical evidence you believe would have been found had an effort been made to assist in collection of physical evidence on December 1, 2022, December 2, 2022 or any time thereafter.

**ANSWER**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702. Without waiving the foregoing objection, Plaintiff states that semen in his bedding, and bruises and contusions on his body would have been discovered among other possible evidence.

2.      Set forth the medical care you believe was needed on December 1, 2022 and December 2, 2022.

**ANSWER**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology.  Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.  Without waiving the foregoing objection, Plaintiff states that a physical examination, sexually transmitted disease testing, a Rape kit, counseling and therapy were needed.

3.      Set forth all facts known by you and/or believed by you supporting your allegation that Ready for Life's handling of Charles Dotson, Jr.'s allegations of sexual misconduct was based on his membership in a protected class.

**ANSWER**: Plaintiff objects to the form of this Interrogatory as it calls for a legal conclusion.  Subject to this Objection, Plaintiff states he was in a protected class because of his disability (Down Syndrome) and sex (male).   Despite having actual knowledge of multiple non-consensual sexual assaults, including the assailant's admissions of penetration without consent, Ready for Life failed to provide Charles with medical care, contact law enforcement, offer supportive measures, or properly inform his parents.  In contrast, Ready for Life fully disclosed the details to the assailant's parents, honored their request to omit references to penetration from

records, and characterized the assaults as "sexual exploration." The institution's response minimized Charles's reports, misrepresented the events in official records, and failed to comply with Title IX and disability accommodation requirements. These actions reflect disparate treatment and support Plaintiff's belief that the response was shaped by bias against Charles due to his disability and gender.

4.    Set forth all facts known to you and/or believed by you that support your allegation that Charles Dotson, Jr. was treated differently than anyone else who was similarly situated with regard to the allegations of sexual misconduct.

**ANSWER**: Plaintiff objects to form of this Interrogatory as it calls for a legal conclusion.  Ready for Life failed to provide Charles with medical care, contact law enforcement, offer supportive measures, or properly inform his parents.  In contrast, Ready for Life fully disclosed the details to the assailant's parents, honored their request to omit references to penetration from records, and characterized the assaults as "sexual exploration." The institution's response minimized Charles's reports, misrepresented the events in official records, and failed to comply with Title IX and disability accommodation requirements.   Upon information and belief, Lauren Horras investigated two rapes and handled both cases differently than that of Charles Dotson Jr.

5.      Identify all acts of negligence committed in the hiring, supervision, monitoring, regulating, instructing, overseeing and/or otherwise guiding of Emily Perton and/or Toni Falk.

**ANSWER**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology.  Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

6.      Identify all acts of negligence committed in the supervision of Emily Perton and/or Toni Falk.

**ANSWER**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology.  Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

7.      Identify all of Charles Dotson, Jr.'s mental health providers during his lifetime through the present.

**ANSWER**: Mallory Dye, Heidi Sproull, and Barry Jay.

8.      Identify all of Charles Dotson, Jr.'s medical providers during his lifetime through the present.

**ANSWER:**  Plaintiff objects to this Interrogatory as overly broad in scope and time.

Subject to the objection and to the best of Plaintiff's recollection: Lynn Smitherman,

Walter Belenky, Michael Haupert, Crystal Banks, Tammie Bully, and Edward

Dabrowski.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE ANSWERS GIVEN IN THE ABOVE INTERROGATORIES ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.**

Dated: 04/17/2025

**Charles Dotson, Jr. Plaintiff**

## REQUEST FOR PRODUCTION

1.    If your response to Request for Admission No. 1 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Not Applicable.

2.    If your response to Request for Admission No. 2 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE:** Not Applicable.

3.    If your response to Request for Admission No. 3 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Plaintiff objects to the form of this Request to Produce.  Plaintiff does not have the video requested in his possession, custody, or control.

4.    If your response to Request for Admission No. 4 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE:**   Not applicable.

5.    If your response to Request for Admission No. 5 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Please see attached Calvin University Safer Spaces "Incident Report" dated December 2, 2022 together with Calvin University Safer Spaces "Report Meeting" notes from December 2, 2022.

6.    If your response to Request for Admission No. 6 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

7.    If your response to Request for Admission No. 7 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

8.    If your response to Request for Admission No. 8 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

9.    If your response to Request for Admission No. 9 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

10.     If your response to Request for Admission No. 10 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**:  Please see attached emails dated March 7, 2022 to March 8, 2022 between the Plaintiff's mother and Emily Perton, July 20, 2022 to July 21, 2022 emails between the Plaintiff's mother and Michelle Terrill, the Ready for Life Community Partnership Coordinator, August 24, 2022 email between Defendant Amy Tyrrell and Michelle Terrill where Plaintiff's mother was cc'd, and the October 3, 2022 email from Michelle Terrill to Plaintiff's mother.

11.     If your response to Request for Admission No. 11 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Please see attached emails dated March 7, 2022 to March 8, 2022 between the Plaintiff's mother and Emily Perton, July 20, 2022 to July 21, 2022 emails between the Plaintiff's mother and Michelle Terrill, the Ready for Life Community Partnership Coordinator, August 24, 2022 email between Defendant Amy Tyrrell and Michelle Terrill where Plaintiff's mother was cc'd, and the October 3, 2022 email from Michelle Terrill to Plaintiff's mother.

12.     If your response to Request for Admission No. 12 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Please see attached emails dated March 7, 2022 to March 8, 2022 between the Plaintiff's mother and Emily Perton, July 20, 2022 to July 21, 2022

emails between the Plaintiff's mother and Michelle Terrill, the Ready for Life Community Partnership Coordinator, August 24, 2022 email between Defendant Amy Tyrrell and Michelle Terrill where Plaintiff's mother was cc'd, and the October 3, 2022 email from Michelle Terrill to Plaintiff's mother.

13.    If your response to Request for Admission No. 13 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Please see attached emails dated March 7, 2022 to March 8, 2022 between the Plaintiff's mother and Emily Perton, July 20, 2022 to July 21, 2022 emails between the Plaintiff's mother and Michelle Terrill, the Ready for Life Community Partnership Coordinator, August 24, 2022 email between Defendant Amy Tyrrell and Michelle Terrill where Plaintiff's mother was cc'd, and the October 3, 2022 email from Michelle Terrill to Plaintiff's mother.

14.    If your response to Request for Admission No. 14 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Please see attached emails dated March 7, 2022 to March 8, 2022 between the Plaintiff's mother and Emily Perton, July 20, 2022 to July 21, 2022 emails between the Plaintiff's mother and Michelle Terrill, the Ready for Life Community Partnership Coordinator, August 24, 2022 email between Defendant Amy Tyrrell and Michelle Terrill where Plaintiff's mother was cc'd, and the October 3, 2022 email from Michelle Terrill to Plaintiff's mother.

15.    If your response to Request for Admission No. 15 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Please see attached emails dated March 7, 2022 to March 8, 2022 between the Plaintiff's mother and Emily Perton, July 20, 2022 to July 21, 2022 emails between the Plaintiff's mother and Michelle Terrill, the Ready for Life Community Partnership Coordinator, August 24, 2022 email between Defendant Amy Tyrrell and Michelle Terrill where Plaintiff's mother was cc'd, and the October 3, 2022 email from Michelle Terrill to Plaintiff's mother.

16.    If your response to Request for Admission No. 16 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Please see investigative reports from Grand Rapids Police Department, Kent County Child Advocacy Center as well as internal investigations conducted documenting the criminal acts and lack of action/supervision by Defendants.

17.    If your response to Request for Admission No. 17 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: See answer to Response #16.  Through discovery Plaintiff reserves the right to supplement.

18.    If your response to Request for Admission No. 18 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: See answer to Response #16.  Through discovery Plaintiff reserves the right to supplement.

19.    If your response to Request for Admission No. 19 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: See answer to Response #16. Through discovery Plaintiff reserves the right to supplement.

20.    If your response to Request for Admission No. 20 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: See answer to Response to #16. Through discovery Plaintiff reserves the right to supplement.

21.    If your response to Request for Admission No. 21 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: See answer to Response #16. Through discovery Plaintiff reserves the right to supplement.

22.    If your response to Request for Admission No. 22 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Please see answer to Response #16.  Through discovery Plaintiff reserves the right to supplement.

23.    If your response to Request for Admission No. 23 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

Further, Plaintiff lacks sufficient information or knowledge with which to respond to this Request. Without waiving the foregoing Objection, Plaintiff states that he is not in possession of any documentation in response to Request.  However, Plaintiff reserves the right to supplement his response to this request should he discover or become aware of such documentation.

24.     If your response to Request for Admission No. 24 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.  Further, Plaintiff lacks sufficient information or knowledge with which to respond to this Request. Without waiving the foregoing Objection, Plaintiff states that he is not in possession of any documentation in response to Request.  However,

Plaintiff reserves the right to supplement his response to this request should he discover or become aware of such documentation.

25.    If your response to Request for Admission No. 25 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.   Further, Plaintiff lacks sufficient information or knowledge with which to respond to this Request. Without waiving the foregoing Objection, Plaintiff states that he is not in possession of any documentation in response to Request.  However, Plaintiff reserves the right to supplement his response to this request should he discover or become aware of such documentation.

26.    If your response to Request for Admission No. 26 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.  Further, Plaintiff lacks sufficient information or knowledge with which to

respond to this Request. Without waiving the foregoing Objection, Plaintiff states see LARA. However, Plaintiff reserves the right to supplement his response to this request should he discover or become aware of such documentation.

27.    If your response to Request for Admission No. 27 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**:  Not Applicable.

28.    If your response to Request for Admission No. 28 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Objection, this Request is irrelevant in that the documentation it seeks has no relation to the subject of this lawsuit pursuant to F.R.E. 401.

Further, Plaintiff lacks sufficient information or knowledge with which to respond to this Request. Without waiving the foregoing objection, Plaintiff reserves the right to supplement his response to this request should he discover or become aware of such documentation.

29.    If your response to Request for Admission No. 30 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Objection, this Request is irrelevant in that the documentation it seeks has no relation to the subject of this lawsuit pursuant to F.R.E. 401.

Further, Plaintiff lacks sufficient information or knowledge with which to respond to this Request. Without waiving the foregoing objection, Plaintiff reserves the right

to supplement his response to this request should he discover or become aware of such documentation.

30.    If your response to Request for Admission No. 31 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Objection, this Request is irrelevant in that the documentation it seeks has no relation to the subject of this lawsuit pursuant to F.R.E. 401.

Further, Plaintiff lacks sufficient information or knowledge with which to respond to this Request. Without waiving the foregoing objection, Plaintiff reserves the right to supplement his response to this request should he discover or become aware of such documentation.

31.    If your response to Request for Admission No. 32 was anything other than an unqualified admission, produce all documents that support your response.

**RESPONSE**: Objection, this Request is irrelevant in that the documentation it seeks has no relation to the subject of this lawsuit pursuant to F.R.E. 401.

Further, Plaintiff lacks sufficient information or knowledge with which to respond to this Request. Without waiving the foregoing objection, Plaintiff reserves the right to supplement his response to this request should he discover or become aware of such documentation.

32.    Produce all documents that support your response to Interrogatory No. 3.

**RESPONSE**: Not Applicable.

33.     Produce all documents that support your response to Interrogatory No. 4.

**RESPONSE**: Please see attached Clery Report, Grand Rapids Police Department report, Kent County Investigation Report, and internal documents/emails evidencing the incident and the subsequent actions taken.  This information is also in Defendant's possession and control.

34.     Produce all documents that support your response to Interrogatory No. 5.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.

Without waiving the foregoing objection, Plaintiff reserves the right to supplement his response to this request should he discover or become aware of such documentation.

35.     Produce all documents that support your response to Interrogatory No. 6.

**RESPONSE**: Plaintiff objects to this Discovery request to the extent it calls for a legal conclusion, analysis or interpretation, or application of legal terminology. Plaintiff has no expertise in legal matters and objects to providing information which seeks information that requires specialized knowledge or expertise under F.R.E. 701 and 702.  Without waiving the foregoing objection, Plaintiff reserves the right to

supplement his response to this request should he discover or become aware of such

documentation.


Dated: <u>April 17, 2025</u>


Respectfully submitted**,**                              Respectfully submitted,

**HEIDI A. TANNER ATTORNEY**              **ATNIP & ASSOCIATES, PLLC**
**AT LAW, PLLC**

<u>*/s/ Heidi A. Tanner*      </u>                          <u>*/s/ Anna E. Wright*      </u>
HEIDI A. TANNER (P61953)                     ANNA E. WRIGHT (P72611)
Of Counsel for Plaintiff                            Attorney for Plaintiff
4701 Charing Ct.                                     400 Water Street, Ste. 205
Castle Rock, CO 80109                            Rochester, MI 48307
(248) 672-5478                                        (248) 599-1607 | (248) 674-4774 [Fax]

<table>
<tr><td colspan="3" align="center"><u>**PROOF OF SERVICE**</u></td></tr>
<tr><td colspan="3">The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses on the pleadings on <u>**April 17, 2025,**</u> via:</td></tr>
<tr><td>☐ U.S. MAIL</td><td>☒ E-MAIL</td><td>☐ HAND DELIVERED</td></tr>
<tr><td>☐ E-FILE/E-SERVE</td><td>☐ FEDEX</td><td>☒ SHAREFILE</td></tr>
<tr><td colspan="3" align="center">Signature: <u>*/s/ Tonya M. Johnston*</u><br>Tonya M. Johnston</td></tr>
</table>